IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BETTY JEAN HOOKS,                               :

    Plaintiff,                              :

v.                                              :        CA 11-00243-C

MICHAEL J. ASTRUE,
Commissioner of Social Security,                :

    Defendant.                              :

## MEMORANDUM OPINION AND ORDER

On April 10, 2012, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 23; *see also* Doc. 22, mem. op. & order.) This matter is now before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure, on the plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA") (Doc. 24), filed July 6, 2012, and the Commissioner's objection to the application (Doc. 26), filed July 23, 2012, in which he does not contest the reasonableness of the requested attorney's fees, but instead contends that no attorney's fees should be awarded in this matter because his position in this case was substantially justified (*see id.* at 3-5) and that, if the Court determines otherwise, any attorney's fees awarded should be awarded directly to the plaintiff (*see id.* at 5-7).

For the reasons explained below, and pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court finds that the Commissioner's position in this litigation was substantially justified,

and accordingly, the plaintiff's application for attorneys' fees under the EAJA must be **DENIED**.[1]

## I. The Underlying Determination.

In this matter, the Court found that both the ALJ's step-four[2] and step-five determinations were erroneous. (*See* Doc. 22 at 5-16.) As to the later, the Court, more specifically, found that it could not "say that the ALJ's alternative, step five, determination—where the burden is his to show that the plaintiff is capable of engaging in another kind of substantial gainful employment that exists in the national economy, *see Sryock*[ *v. Heckler*], 764 F.2d [834,] 836 [(11th Cir. 1985)]—[was] supported by substantial evidence[]" (*id.* at 16) because the testimony of the VE, which the ALJ adopted, was that the plaintiff can perform work as a "janitor" generally. The VE, however, identified a DOT code for a specific subset of janitors—"change-house

---

[1] The plaintiff's application asserts *only* a claim for attorney's fees. (*See* Doc. 24 at 1 ("The Costs of Court are $0.00 and the Expenses of Litigation are $0.00."); Doc. 24-2 (her attorney's time entries).) The Court points this out because, even if a court determines that the Commissioner's position is substantially justified, a plaintiff is still entitled to recovery of costs. *See, e.g., Leonard v. Commissioner of Soc. Sec.*, No. 2:05–cv–499–FtM–34SPC, 2009 WL 5908804, at *1 (M.D. Fla. Feb. 23, 2010) ("The EAJA authorizes the recovery of three types of litigation expenditures. First, under 28 U.S.C. § 2412(a), a prevailing party opposing the United States in 'any civil action' 'may be awarded' costs as delineated in 28 U.S.C. § 1920.") (quoting *Jean v. Nelson*, 863 F.2d 759, 776 (11th Cir. 1988)).

[2] While the Commissioner's opposition to the EAJA application fails to discuss the Court's decision as to the ALJ's step-four determination, which the Court found not to be supported by substantial evidence (*see* Doc. 22 at 5-11), the undersigned acknowledges that a finding that an ALJ's step-four determination constitutes error is harmless if the ALJ's alternative finding at step five is correct. *See, e.g., Turner v. Astrue*, No. 8:08-cv-65-T-TBM, 2009 WL 804676, at *6-7 (M.D. Fla. Mar. 26, 2009).

attendants" or "dry janitors"—and while the plaintiff's RFC matches the requirements for this particular position, the requirements of many "janitor" positions are not consistent with the plaintiff's RFC. (*See* Doc. 22 at 14-16). *See also Vanhorn v. Commissioner of Soc. Sec.*, Civil Action No. 09-CV-14940, 2011 WL 70605, at *4 & n.4 (E.D. Mich. Jan. 7, 2011) (finding error where the VE identified the position of "information clerk" generally—where several such positions, with divergent strength ratings and SVP times, exist in the DOT—and failed to "explain the precise tasks an 'information clerk' job entails . . . and whether a person with plaintiff's symptoms can do such work. . . . On remand, if the VE identifies 'information clerk' jobs in response to the ALJ's hypothetical question(s), she must clearly indicate which information clerk jobs she means, along with the exertional level involved, the amount of training required, and the extent to which plaintiff's CTS symptoms, as found by the ALJ, may interfere with the performance of such work.") (rejecting report and recommendation of the Magistrate Judge that the Commissioner's motion to affirm the ALJ be granted).

**II.     The Substantial Justification Standard.**

The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

While "'[s]ubstantially justified' is one of the myriad phrases in the law that has no precise or fixed definition[, t]he Supreme Court has said that it means 'justified in substance or in the main.'" *Grieves v. Astrue*, 600 F. Supp. 2d 995, 999 (N.D. Ill. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see id.* ("A position that is 'substantially justified' must have a 'reasonable basis both in law and in fact.'") (quoting *Pierce*, 487 U.S. at 565); *cf. Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (a position is substantially justified if a "reasonable person could believe the position was correct").

> EAJA decisions necessarily involve exercises of discretion because of the sheer impracticability of formulating a rule of decision in such cases. Questions that arise under the Act, like many that arise in litigation generally, are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization—at least, for the time being.

*Grieves*, 600 F. Supp. 2d at 999 (internal citations and quotation marks omitted and other modifications to original).

> It is also essential to recall that "a position can be justified even though it is not correct," *Pierce*, 487 U.S. at 566, n.2, and "[the government] could take a position that is substantially justified, yet lose [on the merits]." *Id.* at 569. Analysis of questions of substantial justification must take into account the government's position in the underlying action and the litigation posture it took while defending the validity of that action in court. 28 U.S.C. § 2412(d)(2)(D). But, substantial justification should not be confused with the "substantial evidence" standard that applies to a court's initial review of the case. Indeed, the Supreme Court has cautioned that consideration of a fee petition "'should not result in a second major litigation.'" *Pierce*, 487 U.S. at 563. Thus, an EAJA petition requires the court to revisit the legal and factual circumstances of this case from a different perspective—the elusive standard of substantial justification—than it did

4

in reviewing the record on the initial go-round to determine whether there was substantial evidence to support the conclusion.

*Id.* at 1000 (internal citations modified and some omitted).

### III. Under the facts of this case, the position of the Commissioner in this litigation was substantially justified.

This Court took the position that because the VE testified that his testimony was consistent with the DOT (*see* Doc. 22 at 15) and because that testimony, which was not consistent with the DOT, was adopted by the ALJ at step five—where the burden shifts to him to show that the plaintiff is capable of engaging in another kind of substantial gainful employment—the ALJ's step-five determination, based on faulty expert testimony, was not based on substantial evidence. *Akins v. Commissioner of Social Security*, No. 6:08–cv–1575–Orl–DAB, 2009 WL 2913538 (M.D. Fla. Sept. 10, 2009), relied on by the court in *Hall v. Astrue*, No. 2:09–cv–113–FtM–DNF, 2010 WL 5071003 (M.D. Fla. Dec. 7, 2010), which was cited in the Court's decision, illustrates the point:

> This Court acknowledges the holding in *Miller*[ *v. Commissioner of Social Security*, 246 Fed. App'x 660 (11th Cir. Aug. 31, 2007)], an unpublished decision, but does not find that it controls the result here. In this case, the ALJ made an affirmative finding that the VE's testimony "was consistent with the information contained in the Dictionary of Occupational Titles" (R. 24). Thus, this is not a case where the VE testified that his opinion conflicted with the DOT and the ALJ, for whatever reason, did not resolve the conflict and instead adopted the VE's testimony. Rather, the VE testified that his testimony was believed to be consistent with the DOT; a belief that was misplaced. The ALJ did not resolve the conflict, because he was not aware that any conflict existed. While the law allows for an ALJ to choose to rely on testimony that conflicts with the DOT, the record here indicates that the ALJ, at all times, believed that the VE testimony reflected the information contained in the DOT. Thus, the ALJ did not

> make a choice in finding that the testimony was consistent with the DOT; he was misinformed.  *Miller* does not apply.

2009 WL 2913538, at *6; *see also Hall*, 2010 WL 5071003, at *8-9 (like *Atkins*, finding that the rule in the Eleventh Circuit, announced in *Jones v. Apfel*, 190 F.3d 1224 (11th Cir. 1999), that where a VE's testimony is not consistent with the DOT, that testimony trumps the DOT, does not apply where the VE affirmatively testifies that his testimony is not inconsistent with the DOT since the ALJ "is not aware that there is an inconsistency that he must resolve").

As to this critical issue, the Commissioner took the position that the ALJ could rely on the VE's testimony at face value.  (*See, e.g.*, Doc. 16 at 15.)  And, based on the authority cited below, discussing the lack of consensus among district courts in this Circuit, the Court cannot say that such a position is not substantially justified.

In *Adams v. Astrue*, No. 3:07–cv–438–J–MCR, 2010 WL 3293344 (M.D. Fla. Aug. 19, 2010), the court concluded that "[i]n short, there appears to be uncertainty as to whether the ALJ has a duty to inquire into consistency, in how this duty must be fulfilled, and regarding the effect of a VE's omission of conflicts versus his affirmative representation of consistency[,]" *id.* at *7, after offering this lengthy analysis:

> Despite the holding in *Miller*, district courts in this circuit have inconsistently determined the obligations of the ALJ with respect to reconciling VE testimony with the DOT.  For example, in *Sollars–D'Annunzio v. Astrue*, the ALJ relied upon VE testimony, which the plaintiff claimed conflicted with the DOT.  *Sollars–D'Annunzio v. Astrue*, No. 5:08–CV–80–OC–GRJ, 2009 WL 302170, at *8 (M.D. Fla. Feb. 6, 2009).  The VE affirmatively testified there were no conflicts between his testimony and the job description contained in the DOT.  *Id.* at *9.  The

court held, "[t]he promulgation of SSR 00–4p does not . . . undo the rule in *Jones* nor does the ruling by its own wording mandate that an ALJ has a duty independently to investigate whether there is a conflict between the VE's testimony and the DOT." *Id.* at *10.  Similarly, a subsequent decision out of the Middle District noted that an ALJ's failure to comply with SSR 00–4p would not warrant reversal because the ruling is not a regulation or statute and "does not have the force of law." *Romeo v. Astrue*, No. 8:09–CV–502–T–TGW, 2010 WL 1180357, at *2 (M.D. Fla. March 25, 2010).  In *Romeo*, the court held the ALJ could reasonably find the VE's testimony consistent with the DOT even though the ALJ did not specifically inquire about any potential conflicts "because the expert stated the DOT number for each of the jobs he identified." *Id.*  However, another decision from the Middle District held, "[i]t appears to be the current state of law in this circuit that the ALJ ***must*** inquire as to whether the VE's testimony is consistent with the DOT but, if it is not, an ALJ may rely upon the testimony of the VE without first resolving any conflict." *Akins v. Comm'r of Soc. Sec.*, No. 6:08–CV–1575–ORL–DAB, 2009 WL 2913538, at * 6 (M.D. Fla. Sept. 10, 2009 (emphasis added); *see also Farley v. Astrue*, No. 8:06–CV–2342–T–MAP, 2008 WL 360832, at *1 (M.D. Fla. Feb. 8, 2008) ("Because the ALJ failed to comply with SSR 00–4p when he neglected to inquire on the record as to whether or not there was a discrepancy between the vocational expert's occupational evidence and the Dictionary of Occupational Titles (DOT), the matter is remanded for further administrative procedures.").  In *Akins*, the court noted the ALJ is not required to independently verify that the VE's testimony is consistent with the DOT by conducting a "searching inquiry into the contents of the DOT." *Id.*  However, the court found the ALJ's reliance on testimony the VE incorrectly believed to be consistent with the DOT was error, and the case was remanded for further proceedings. *Id.* at * 7.  "While the law allows for an ALJ to choose to rely on testimony that conflicts with the DOT . . . the ALJ did not have a choice in finding that the testimony was consistent with the DOT; he was misinformed." *Id.*

Outside of the Middle District, there is also a lack of consensus regarding this issue.  A recent decision of the Southern District of Florida followed the reasoning in *Miller* and affirmed the Magistrate Judge's finding that the ALJ did not err by failing to ask the VE about any possible conflicts between his testimony and the information provided in the DOT. *Hurtado v. Astrue*, No. 09–60930–CIV, 2010 WL 1850242 (S.D. Fla. May 7, 2010).  However, a recent decision in the Northern District of Florida held the ALJ erred in not asking the VE whether there were any conflicts between his

testimony and the DOT.  "An unexamined and unexplained erroneous expert opinion simply cannot be substantial evidence in the record to sustain the Commissioner's decision . . . ." *Accorsini v. Astrue*, No. 4:09CV221–SPM/WCS, 2010 WL 1645117, at *10 (N.D. Fla. Mar. 18, 2010).

*Id.* at *6-7 (footnote omitted).

Notwithstanding *Akins* and *Hall* and this Court's position that the conflict between the VE's testimony and the DOT should have been apparent—considering the high number of jobs identified for "janitor" generally and, given her RFC, the plaintiff's inability to work as a "janitor" generally—the Commissioner's position that "the vocational expert's testimony constituted substantial evidence in support of the ALJ's finding" (Doc. 16 at 15 (citations omitted)) was substantially justified.  *See, e.g., Brijbag v. Astrue*, No. 8:06–CV–2356–T–MAP, 2008 WL 276038, at *2 (M.D. Fla. Jan. 31, 2008) ("The ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT.").

## Conclusion

The undersigned, therefore, **DENIES** the plaintiff's application for attorney's fees under the Equal Access to Justice Act.

**DONE and ORDERED** this the 31st day of July, 2012.

                                       s/WILLIAM E. CASSADY
                                       **UNITED STATES MAGISTRATE JUDGE**